### KONHEIM et al. v. MERYASH et al.

(Supreme Court, Appellate Term. March 5, 1909.)

PARTNERSHIP (§ 217*)—LIABILITY OF PARTNER—SERVICES RENDERED COPARTNER—EVIDENCE.

In an action for services of expert accountants, evidence *held* to show that the accountants were hired by one of the partners individually, and not for the partnership.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 217.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Maurice Konheim and another against Louis Meryash and Albert London, copartners, for services. From a judgment for plaintiffs, defendant London appeals. Reversed as to him individually, and as to the partnership.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

James, Schell & Elkus (Frederick Mellor, of counsel), for appellant.

Joseph Gans, for respondents.

DAYTON, J. The defendants were sued as copartners for services alleged to have been rendered to the firm by the plaintiffs as expert accountants before and during certain negotiations for the purpose of straightening out their accounts upon a dissolution of the partnership. The only question upon the trial was as to whether the services were rendered for the account of the firm or to the defendant Meryash individually.

It appears to be undisputed that the employment was by Meryash; that plaintiffs were working at Meryash's house upon the latter's books for several days before they ever saw the defendant London; that each partner kept separate books, Meryash in Yiddish and London in English; that when London first saw Meryash it was at the

---

office of one Barker, where the partners met together with several other persons for the purpose of settling their affairs; that these meetings extended over a period of 2½ days; that at all of these meetings London was represented by his attorney, and plaintiff Konheim came with Meryash; that others, one a large creditor of the firm, brought about these meetings, which were in the nature of an arbitration, to see if they could not get the partners together; and that finally the affairs proved to be so badly mixed up that a chartered accountant had to be employed for a period of some six weeks to straighten out the joint and several accounts of the partners. Meryash failed to appear on the trial. London's testimony was specific that he at all times considered Konheim · as Meryash's representative, and there is other evidence that seems to support his contention. Whatever may have been the exact condition of affairs as to the partnership relation at the time, and even conceding ·Meryash's power to charge the partnership with the plaintiff's services, we think he has failed to show by a preponderance of evidence that Konheim was actually employed, except by Meryash for his individual account.

The judgment must be reversed as against the partnership and the defendant London individually, with costs to the latter of this appeal. All concur.